UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RUSSELL LEE BROWN, JR.,

      Petitioner,

v.                Case No: 2:15-cv-394-FtM-29CM

FLORIDA ATTORNEY GENERAL and
SECRETARY, DOC,

      Respondents.

_____

## OPINION AND ORDER

Pending before the Court is Petitioner Russell Lee Brown, Jr.'s Petition for Writ of Habeas Corpus (Doc. #1, Petition) filed pursuant to 28 U.S.C. § 2254 on June 25, 2015,[1] challenging his plea-based convictions in case number 12-CF-014359 in the Twentieth Judicial Circuit Court in Lee County, Florida. Petition at 1. Respondent filed a Response (Doc. #7, Response) in opposition to the Petition and attached supporting exhibits (Doc. #9, Exs. 1-6[2]) consisting of the state court's records and Petitioner's postconviction pleadings. Upon due consideration of the pleadings and the record, and as more fully set forth below,

---

[1] The Petition was docketed and filed in this Court on June 29, 2015. The Court, however, applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

[2] Citations to exhibits ("Ex. _") are to those filed by Respondent on January 16, 2016 (Doc. #9).

the Court concludes that Petitioner is not entitled to habeas relief. Because the petition is resolved on the record, an evidentiary hearing is not warranted. See <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## I. Procedural History

The State Attorney charged Petitioner by information with (1) aggravated battery with discharge of a firearm resulting in great bodily harm and (2) possession of a firearm by a convicted felon. Ex. 1 at 96-97. Petitioner entered a no contest plea pursuant to a negotiated agreement. Ex. 1 at 98-102, 113-31. The State agreed to "drop the discharge of a firearm resulting in great bodily harm aspects," which carried a mandatory/minimum 25-year sentence up to life, in exchange for Petitioner agreeing to plea to aggravated battery and possession of a firearm by a felon, which carried 15-year concurrent sentences. Ex. 1 at 115. On February 11, 2013, the trial court accepted Petitioner's plea and adjudicated him guilty of (1) aggravated battery with a firearm and (2) possession of a firearm by a convicted felon and sentenced him to concurrent sentences of 15 years in prison on both counts, with a 15-year mandatory minimum as a Prison Releasee Reoffender for Count 1. Ex. 1 at 104-12. Petitioner did not appeal the judgment and sentence. Ex. 2.

On August 5, 2013, Petitioner filed a *pro se* motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.50 claiming trial counsel was ineffective on three grounds: (1) misadvising Petitioner that, if he testified at trial, the State could use his prior convictions and delve into the specifics of the convictions to prove his bad character and propensity to commit crimes; (2) misadvising Petitioner about the sufficiency of evidence linking him to the firearm and the shooting, and (3) failing to request a mental competency evaluation. Ex. 1 at 1-11. After response by the state, the postconviction court summarily denied the motion by written order, the denial of which was *per curiam* affirmed on appeal. Ex. 1 at 13-84; Ex. 1 at 91-146; Ex. 5. Petitioner then initiated the instant federal habeas petition raising two grounds of ineffective assistance of trial counsel (grounds (1) and (3) below). Doc. #1.

## II. Applicable § 2254 Law

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this action. <u>Abdul-Kabir v. Quarterman</u>, 550 U.S. 233, 246 (2007); <u>Penry v. Johnson</u>, 532 U.S. 782, 792 (2001). The statute of limitations that governs the filing of this Petition is set forth at 28 U.S.C. § 2244(d). Respondent concedes that the Petition is timely filed, and this Court agrees. Doc. #7 at 6. Petitioner having raised both grounds in his Rule 3.850 motion and appealed

the denial of the same, has exhausted these claims for federal habeas purposes. 28 U.S.C. § 2254(b)(1); <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).

Under AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts. <u>Alston v. Fla. Dep't of Corr.</u>, 610 F.3d 1318, 1325 (11th Cir. 2010) (citations omitted). AEDPA altered the role of the federal courts in reviewing state prisoner applications to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2002). The following legal principles apply to this case.

**A. Deference to State Court Decision**

Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This Court's authority to issue a writ is limited to "cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with

[Supreme Court] precedents." Harrington v. Richter, 562 U.S. 86, 104 (2011). This standard is both mandatory and difficult to meet, White v. Woodall, 134 S. Ct. 1697, 1702 (2014), and requires this Court "to train its attention on the particular reasons—both legal and factual—why the state courts rejected [Petitioner's] claims" while affording "appropriate deference to that decision." Wilson v. Sellers, ___ U.S. ___, 138 S. Ct. 1188, 1191 (2018) (internal quotations and citations omitted).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issued its decision. White, 134 S. Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). When there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." White, 134 S. Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. 86).

A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). In the case of a silent affirmance, a federal habeas court "should look through" the unreasoned opinion and presume that the affirmance rests upon the same reasons given by the last court to provide a reasoned opinion. Wilson v. Sellers, 138 S. Ct. at 1192; see also Ylst v. Nunnemaker, 501 U.S. 797, 799-800 (1991). The presumption that the appellate court relied

upon the same reasoning as the lower court can be rebutted "by evidence of, for instance, an alternative ground that was argued [by the state] or that is clear in the record" to demonstrate an alternate basis for the silent affirmance. Wilson, 138 S. Ct. 1196.

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) ("a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding") (dictum); Burt v. Titlow, 134 S. Ct. 10, 15-16 (2013).

## B. Effect of a Guilty Plea

As noted *supra*, Petitioner entered a counseled no contest plea. The entry of a no contest plea has the same legal effect as a plea of guilty in a criminal proceeding. Hudson v. United States, 272 U.S. 451, 455 (1926) (stating that a plea of no contest is, like a plea of guilty, an admission of guilt for purposes of the case). When a petitioner seeks to challenge his convictions obtained pursuant to guilty pleas, "the inquiry is ordinarily

confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Alternatively, "[a] guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770 (1970)).

Notably, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Indeed, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (citations omitted). Thus, conclusory allegations that are not supported by specific facts and contentions that are refuted by the record are subject to summary dismissal. *Blackledge*, 431 U.S. at 74.

## C. Ineffective Assistance of Counsel

The Supreme Court has held "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate *both* that: (1) counsel's performance was deficient and (2) petitioner suffered prejudice

because of counsel's deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). For the first element, a petitioner must show that "he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases." <u>Scott v. United States</u>, 325 F. App'x 822, 824 (11th Cir. 2009) (citing <u>Hill</u>, 474 U.S. at 56-57)). The Eleventh Circuit has held that "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial . . . and . . . need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between" pleading guilty or "going to trial." <u>Wofford v. Wainwright</u>, 748 F.2d 1505, 1508 (11th Cir. 1984) (citation omitted); <u>see also</u> <u>Stano v. Dugger</u>, 921 F.2d 1125, 1151 (11th Cir. 1991). "To impart such an understanding to the accused, counsel must, after making an independent examination of the facts, circumstances, pleadings and laws involved, offer his informed opinion as to the best course to be followed in protecting the interests of his client." <u>Wofford</u>, 748 F.2d at 1508. (citation omitted). Performance is "measured against an objective standard of reasonableness under the prevailing professional norms." <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005) (internal quotation marks and citations omitted). Collateral relief is only available to a petitioner if he "prove[s] serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a

knowing and intelligent act." McMann v. Richardson, 397 U.S. 759, 774 (1970).

To satisfy the prejudice requirement in the context of a guilty plea, Petitioner must show "that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." Lafler v. Cooper, 566 U.S. 156, 163 (2012) (quoting Hill, 474 U.S. 52 at 59). The focus in a plea case is whether the petitioner was prejudiced by the "denial of the entire judicial proceeding . . . to which he has a right." Lee v. United States, 582 U.S. ___, 137 S.Ct. 1958, 1965 (2017) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000)). Consequently, the court considers whether the petitioner had a fruitful defense at trial, see Hill, 474 U.S. at 59, or whether the petitioner understood the consequences of pleading guilty. Lee, 137 S. Ct. at 1965. While stressing that the focus is on the petitioner's decision-making and rejecting a per se rule that a defendant with no viable defense cannot show prejudice, the Supreme Court nonetheless cautions that "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Id. at 1966-67. Instead, the Court is required to "look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id. at 1968. Further, while a petitioner must satisfy both prongs, the "court need not address

the performance prong if the petitioner cannot meet the prejudice prong, or vice-versa." <u>Ward v. Hall</u>, 592 F. 3d 1144, 1163 (11th Cir. 2010)(<u>citing</u> <u>Holladay v. Haley</u>, 209 F.3d 1243, 1248 (11th Cir. 2000)).

### III. Discussion

Petitioner raises the following two grounds for relief in his federal Petition.

> **Ground One**- ineffective assistance of counsel for misadvising Petitioner that his prior convictions could be used to prove bad character and propensity if he testified at trial; and

> **Ground Two**- ineffective assistance of counsel for failing to request a mental competency evaluation of Petitioner.

Doc. 1 at 4-5.

Regarding Ground One, Petitioner claims that had his attorney not erroneously advised him about his prior state convictions he would not have plead and would have went to trial and would have testified that he was acting in self-defense when he shot his brother. Doc. 1 at 4. In support of ground Two, Petitioner states that the victim in his depositions disclosed that Petitioner "had ongoing mental health issues." <u>Id.</u> at 5. Further, Petitioner states that he told counsel "he was experiencing mental issues." <u>Ibid.</u> Petitioner argues that counsel should have requested a competency evaluation before permitting him to enter his plea and claims that his plea was not voluntary. <u>Ibid.</u> In his Rule 3.850

motion, Petitioner raised his competency claim in terms of whether he had a viable insanity defense. Exh. 1 at 8. Consequently, the Court deems this ground exhausted only to the extent Petitioner raised it in his Rule 3.850 motion and the appeal thereof.

The state post-conviction court in its reasoned opinion denying both grounds, held as follows:

3. The test for analyzing ineffective assistance of counsel claims relating to guilty pleas was established in <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985). A defendant must first show that counsel's performance was deficient and then demonstrate "a reasonable probability" that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. <u>Id.</u> at 59. In determining whether a reasonable probability exists that the defendant would have insisted on going to trial, the court should consider the totality of the circumstances surrounding the plea, which includes whether a particular defense was likely to succeed at trial, the plea colloquy, and the difference between the maximum possible sentence and the actual sentence imposed pursuant to the plea. <u>Grosvenor v. State</u>, 874 So. 2d 1176, 1182 (Fla. 2004).

4. In the first allegation, Defendant alleges that counsel was ineffective for misadvising Defendant that if he testified at trial, the State would use his prior convictions to prove bad character or a propensity to commit crimes, therefore, Defendant did not testify at trial. The State conceded that this issue should be set for hearing because the State is not privy to conversations and meetings between Defendant and counsel.

5. However, Defendant pled in this case and did not go to trial. Therefore, the issue as to whether counsel misadvised Defendant concerning his right to testify at trial is irrelevant. Defendant, unequivocally, stated during the plea colloquy "there's no way around the plea, so I have to take the plea. I'm not going to go to trial." See p. 11, of January 29, 2013,

transcript. Moreover, when the Court wanted Defendant to take some time to think it over, Defendant stated, "I'm going to take the plea today, Judge. I'm going to take it. I have no time. I'm sure. I'm positive." See p.11, of the January 29, 2013, transcript. See also pp.1-9 of the May 31, 2013, transcript, in which Defendant once again decided to plea instead of withdrawing his plea. Moreover, Defendant cannot show how he was prejudiced by not testifying at a trial that never took place. Therefore, in spite of the State's concession that this issue warrants an evidentiary hearing, this allegation will not be set for hearing. Even if true, Defendant cannot show prejudice.

7.   In the third allegation, Defendant alleges that counsel was ineffective for failing to file a motion in order to have Defendant's mental competency evaluated. Defendant further alleges that if he had been evaluated for competency, he would have had a viable defense. As the State points out, mental incompetency is not a viable defense like insanity. If Defendant were found to be incompetent, he would not have been permitted to proceed in this matter. The proceedings would have been postponed until Defendant was found competent to proceed. Moreover, Defendant never stated during the plea colloquy that he was incompetent, or suffered from a mental disease, nor did Defendant exhibit any behavior during either hearing that demonstrated incompetency to proceed in this matter. See both the January 29, 2013, and January 31, 2013, transcript. In addition, Defendants are bound by their statements under oath and are not entitled to have their plea set aside by subsequently claiming the plea was involuntary based on their own allegedly perjured testimony during the plea. Henry v. State, 920 So. 2d 1245, 1246 (Fla. 5th DCA 2006). Defendant was aware of this issue prior to the plea, therefore, he cannot raise these issues to avoid the consequences of his plea.

8.   In conclusion, the Court finds that all of Defendant's allegations are an attempt to go behind the plea. Gidney v. State, 925 So. 2d 1076, 1077 (Fla. 4th DCA 2006). A defendant who has been convicted pursuant to a plea cannot raise issues in a 3.850 motion, which were known to him prior to the plea. Id. See also Jauregui v. State, 652 So. 2d 898 (Fla. 3d DCA 1995)

(finding that a plea cuts off inquiry into all issues,
except for those expressly preserved for appeal, and
issues regarding jurisdiction, legality of the
sentence, failure of the State to abide by the plea
agreement, and the voluntary and intelligent nature
of the plea). Furthermore. defendants are bound by
their statements under oath and are not entitled to
have their plea set aside by subsequently claiming
the plea was involuntary based on their own allegedly
perjured testimony during the plea. <u>Henry v. State</u>,
920 So. 2d 1245, 1246 (Fla. 5th DCA 2006).

9.  In addition, based on <u>Hill</u> and <u>Grosvenor</u>, Defendant
    was facing life with a 25-year minimum mandatory
    sentence, if he went to trial and if the State did
    not drop the discharge and great bodily harm on Count
    I.  See p.8, of January 29, 2013, transcript.  The
    Court has considered the totality of the circumstances
    surrounding the plea, which includes whether a
    particular defense was likely to succeed at trial,
    the plea colloquy. and the difference between the
    maximum possible sentence and the actual sentence
    imposed pursuant to the plea, and finds that no
    reasonable probability exists that Defendant would
    have insisted on going to trial.


Exh. 1 at 92-94.

The Court finds that the state court's determination that

Petitioner cannot demonstrate prejudice for either ground is not

contrary to or an unreasonable application of <u>Strickland</u> and is

supported by the record.  Petitioner's bare allegations that he

would have proceeded to trial are insufficient given the objective

facts and circumstances of this case.  <u>See</u> <u>Padilla v. Kentucky</u>,

559 U.S. 356, 372 (2010) (recognizing that a petitioner must make

a showing "that a decision to reject the plea bargain would have

been rational under the circumstances.").  In considering the

totality of the circumstances, the Court considers the strength of the prosecution's case, any available defenses, the plea colloquy and negotiations, and potential sentencing exposure. See Hill, 474 U.S. at 59-60. Here the record refutes that Petitioner believed he had any viable defense, especially because both Petitioner's brother and mother would have presented damaging testimony against him. There is no evidence in the record to suggest that Petitioner was suffering from any mental illness that rendered him incompetent to warrant an insanity defense. Instead, the record reveals that Petitioner opted for the plea because it was in his best interest since he was facing a much longer mandatory sentence.

According to the probable cause affidavit, the victim, Petitioner's younger brother, told the responding officer that Petitioner shot him and left the crime scene. Ex. 1 at 18. The victim was unable to give a further statement because he had sustained life-threatening injuries and was immediately taken to the hospital for surgery. Id. A detective interviewed Petitioner's mother who stated that Petitioner arrived home at 2:00 a.m. and she reprimanded Petitioner for drinking and using drugs. Id. The victim, who was present, stated his agreement with his mother and told Petitioner that his behavior needed to change. Id. The mother observed Petitioner go outside with the victim, heard a gunshot, went outside, heard the victim state that

Petitioner shot him, and saw Petitioner on top of the victim hitting him. <u>Id.</u> The mother picked up a chair and hit the Petitioner with the chair in order to get the Petitioner off the victim. <u>Id.</u> The mother saw Petitioner run away. <u>Id.</u> Petitioner was arrested nearby, and a firearm was found hidden between two fences at that location. <u>Id.</u>

On the day that Petitioner's trial was to begin, and before entering his plea, Petitioner acknowledged to the court that his brother was willing to testify against him, "so I have to take the plea; that's in my best interest." Ex. 1 at 39, lines 21-24. The Court spent a considerable amount of time explaining the potential sentences Petitioner was facing since the crime involved a gun and it discharged, and the implications of the minimum mandatory sentences Petitioner was facing under Florida's 10-20-Life statute,[3] as well as due to Petitioner being a prison releasee reoffender.[4] <u>Id.</u> 32-38. When Petitioner indicated that he did not have "as much time as [he] need[ed] to talk to [trial counsel]" the trial court offered to reset his trial for later in the week, but Petitioner was adamant that he was prepared to enter a plea:

---

[3] The 1-20-life law is a mandatory minimum sentencing law that applies to the use of a firearm during the commission of a forcible felony. Fla. Stat. § 775.087.

[4] An individual who has been out of the Department of Corrections for less than three years and subsequently commits an enumerated offense is required to receive the maximum punishment for the new offense committed. Fla. Stat. § 775.082.

THE DEFENDANT:   . . .like I said, there's no way around the plea, so I have to take the plea.  I'm not going to go to trial.

THE COURT:      I want you to have enough time to talk with your attorney about the plea, so I will give you that opportunity.  If you don't call Mr. Brown's – – you can perhaps take this time, Mr. Martin, if we don't call Mr. Brown's case for trial today, as I said, it will set at 8:30 on Thursday and maybe between now and Thursday you and Mr. brown can spend whatever time you need to discuss the pros and cons of –

THE DEFENDANT: I'm going to take the plea today, judge. I'm going to take it.  I have no time.  I'm sure.  I'm positive.

THE COURT:      You don't want to wait until Thursday?

THE DEFENDANT: No, ma'am.

THE COURT:      Okay.  Why not?

THE DEFENDANT: Because I'm just wasting time sitting here in county jail.  I need to go ahead and get my time started.

. . .

THE COURT:      So, this is something you want to do?

THE DEFENDANT: No, it's not what I want to do, but I'm – –it's something I have to do.

THE COURT:      Okay.
THE DEFENDANT: Yeah.

THE COURT:      This is how you wanted to resolve these charges?

THE DEFENDANT: Exactly.  Exactly.  Exactly.

Id. at 40-41.

Subsequently, at his sentencing hearing held two days after his plea, Petitioner initially indicated he wanted to withdraw his

plea on the basis that it was "his brother's wish now that he not do as much time as was made a part of the plea negotiation, that he do a lesser sentence." Id. at 53, lines 10-13. The trial court explained that there was "no discretion with regard to the minimum/mandatory sentence" and if he proceeded to trial the minimum, if convicted, would be at least 25 years and the court would have no discretion to rendering that sentence, no matter the wishes of the victim, and he possibility could be sentenced to life due to Florida's 10-20-Life statue. Id. at 53-55. Petitioner then inquired whether he could "not waive [his] rights to an appeal." Id. at 56. After explanation by the court that the legality of the sentence and jurisdiction were the only issues that could be raised on appeal, Petitioner expressly stated that he did not want to withdraw his plea. Id. at 56-57.

Petitioner clearly understood the consequences of his guilty plea—that he would be sentenced to a mandatory 15-year sentence. As noted supra, the charges against Petitioner carried a mandatory/minimum 25-year sentence up to life, pursuant to Florida 10-20-life statute. Further, the prosecution filed a Prison Release Reoffender Notice. Ex. 1, Lee County Clerk of Courts, Case Summary, p. 2.

Although raised as an insanity defense in his Rule 3.850 motion, to the extent that Petitioner suggests he was not competent to enter a plea, the record refutes any such assertion. A

defendant is competent to stand trial or plea if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" <u>Dusky v. United States</u>, 362 U.S. 402, 402 (1960) (*per curiam*).

There is absolutely nothing to suggest that Petitioner was not competent to participate in the plea colloquy. Here, the record conclusively shows that Petitioner actively participated in the plea colloquy and expressly denied that he had any mental condition or was under the influence of any substances that would affect his understanding of the proceedings. <u>Id.</u> at 43. After finding the factual basis for the plea based upon a stipulation and the probable cause affidavit, the court found Petitioner "is competent, alert, and able to tender a plea and that he's done so voluntarily with full understanding of the consequences." <u>Id.</u> at 46. "Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review." <u>Consalvo v. Sec'y for Dep't of Corr.</u>, 664 F.3d 842, 845 (11th Cir. 2011). A state court's finding of competency constitutes a factual finding, which is presumed correct and "can only be overcome with clear and convincing evidence of incompetence." <u>Pardo v. Sec'y, Fla. Dep't of Corr.</u>, 587 F.3d 1093, 1101 (11th Cir. 2009)(citing <u>Demosthenes v. Baal</u>, 495 U.S.

731, 735 (1990)).  Petitioner makes no such showing here to overcome the state court's findings.

In sum, the Court finds the State court's denial of Petitioner's ineffective assistance of counsel claims was not contrary to <u>Strickland</u>, did not involve an unreasonable application of <u>Strickland</u>, and was not based on an unreasonable determination of the facts considering the evidence presented in the State court proceedings.  28 U.S.C. § 2254(d).

ACCORDINGLY, it is hereby

**ORDERED**:

1.  The Petition for Writ of Habeas Corpus is **DENIED**.

2.  The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.  A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>, 556 U.S. 180, 184 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of September 2018.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:  FTMP-1
Copies:
Counsel of Record